IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH

| | |
|---|---|
| GINA K. SEABROOK, f/k/a GINA K. COVINGTON, <br><br> Plaintiff, <br><br> vs. <br><br> PETE HEGSETH, Secretary of Department of War, <br><br> Defendant. | MEMORANDUM DECISION & ORDER TO AMEND COMPLAINT <br><br> Case No.  2:25-cv-01133 <br><br> Magistrate Judge Dustin B. Pead |

Before the court is pro se Plaintiff Gina K. Seabrook ("Ms. Seabrook") complaint.[1] Ms. Seabrook was granted leave to temporarily proceed in forma pauperis under 28 U.S.C § 1915 ("IFP Statute") while the court screens her pleading.[2] Accordingly, the court now reviews the sufficiency of Ms. Seabrook's complaint under the authority of the IFP Statute. Based upon the analysis set forth below, the court orders Mr. Seabrook to file an amended complaint no later than January 19, 2026.

---

[1] ECF No. 1, Complaint.

## BACKGROUND

Ms. Seabrook names Pete Hegseth as the Defendant ("Mr. Hegseth") in this action.[3]

Plaintiff's complaint contains the following allegation in support of her claim:

> Acting General Manager Christina Griffin presented [Ms. Seabrook] with Advance Notice of 4 day Suspension without pay AWOL accusation while on approved leave. New General Manager Melanie White presented [Ms. Seabrook] with [a] Final Suspension Notice in April 2019[, and] a Written Reprimand in Aug 2019. At a later date 12 June 2020 [Melanie White] [p]resented [Ms. Seabrook] with an Advance Notice of Separation for Cause for Western Union accusation which was reduced to a 5 day Suspension without pay. New General Manager Tammy Hairston presented [Ms. Seabrook] with a Written Counseling stating [Ms. Seabrook] was 261 days passed [sic] an initial Western Union suspense. On or around 27 July 2022 Ms[.] Hariston sent emails to [Ms. Seabrook] while on leave stating the condition of [Ms. Seabrokk's] facility and that the Supervisors who [Ms. Seabrook] had left in charge did not know how to run a facility. The following listed below have witnessed actions of Sr. Leadership, Shift Supervisory Merceydece Quinney, Shift Supervisor Angenette Johnson, Shift Supervisor Sheena Lamphere, Camp Manager Shaun Parrisor[, and] Laborer Amber Kubat[.]

Based on these allegations, Ms. Seabrook alleges a *Bivens* claim and seeks punitive damages and fees for medical bills, legal bills and back pay.[4]

## LEGAL STANDARDS

To review Ms. Seabrooks's complaint under the authority of the IFP Statute, the court must consider the standard under Fed. R. Civ. P. 12(b)(6) regarding the failure to state a claim on which relief can be granted.[5] This legal standard is addressed below.

---

[2] ECF No. 5, Order Temporarily Granting Motion to Proceed IFP; 28 U.S.C. § 1915.

[3] *See generally,* ECF No. 1.

[4] ECF No. 1 at 3, 6. *See Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

[5] Fed. R. Civ. P. 12(b)(6).

### 1.    Failure to State a Claim

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[6] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[7] Under that standard, the court "look[s] for plausibility in th[e] complaint."[8] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[9]

Additionally, Federal Rule of Civil Procedure 8 is incorporated in the court's Rule 12(b)(6) analysis.[10] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[11] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does

---

[6] 28 U.S.C. § 1915(e)(2)(B)(ii).

[7] Fed. R. Civ. P. 12(b)(6);  *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[8]  *Id.* at 1218 (quotations and citations omitted) (second alteration in original).

[9] *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[10] *U.S. ex. rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010); Fed. R. Civ. P. 8.

[11] Fed. R. Civ. P. 8(a)(2).

a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[12]

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."[13] Rule 8 requires, at least, that the allegations of a complaint put the

defendant on fair notice of the claims raised.[14] The twin purposes of a complaint are to give the

opposing party fair notice of the basis for the claims so defendant may respond and to allow the

court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[15]

　　In analyzing Ms. Seabrook's complaint, the court is mindful that she is proceeding pro se

and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent

standard than formal pleadings drafted by lawyers."[16] However, it is not "the proper function of

the district court to assume the role of advocate for the pro se litigant,"[17] and the court "will not

supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes

facts that have not been pleaded."[18] Indeed, as the Court of Appeals for the Tenth Circuit stated,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff
> of the burden of alleging sufficient facts on which a recognized legal claim could
> be based. . . . [C]onclusory allegations without supporting factual averments are
> insufficient to state a claim on which relief can be based. This is so because a pro
> se plaintiff requires no special legal training to recount the facts surrounding his

---

[12] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 557) (alteration in original).

[13] *Id.*

[14] *Twombly,* 550 U.S. at 555.

[15] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n. of Kan.,* 891 F.2d 1471, 1480 (10th Cir. 1989).

[16] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *see e.g., Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[17] *Id.* at 1110 (citation omitted).

[18] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[19]
After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may

dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff

cannot prevail on the facts he has alleged[,] and it would be futile to give [him] an opportunity to

amend."[20]

## ANALYSIS

Ms. Seabrook's complaint is subject to dismissal because she fails to state a plausible

claim for relief under *Bivens.* However, because Ms. Seabrook may be able to cure this

deficiency with adequate allegations in an amended pleading, the court provides Plaintiff with

the opportunity to do so.

**1.      Ms. Seabrook's Complaint Fails to State a Plausible Claim for Relief Under *Bivens*.**

After reviewing Ms. Seabrook's complaint, the court concludes that the factual

allegations are conclusory in nature and fail to state a claim or satisfy the minimum pleading

standards under Federal Rule 8(a)(2) and Federal Rule 12(b)(6).[21]

First, Ms. Seabrook fails to state a claim under *Bivens* because she has not identified the

violation of any federal constitutional right. A *Bivens* action "seeks to impose personal liability

and damages on a federal official for the violation of a federal constitutional right."[22] Here, other

than indicating that the basis for federal jurisdiction is her *Bivens* claim, Ms. Seabrook has not

---

[19] *Bellmon,* 935 F.2d at 1110 (citations omitted).

[20] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[21] Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6).

[22] *Chapoose v. Hodel,* 831 F.2d 931, 935 (10th Cir. 1987).

alleged any constitutional rights that were violated.[23] Second, a *Bivens* claim "can be brought only against federal officials in their individual capacities."[24] Yet, Ms. Seabrook's complaint does not indicate in what capacity she sues Mr. Hegseth. Finally, Ms. Seabrook fails to make any specific or intelligible allegations about Mr. Hegseth's alleged actions, when they occurred or how they harmed her. Indeed, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[25] Other than naming Mr. Hegseth as Defendant, Ms. Seabrook's complaint is completely devoid of any factual allegations against him.. As a result, Plaintiff's complaint must be dismissed for failure to satisfy Rule 8's requirements and failure to state a plausible claim.[26] However, as discussed below, the court permits Mr. Seabrook to amend her complaint.

**2.      The Court Permits Ms. Seabrook to Amend Her Complaint.**

Based upon the foregoing analysis, Ms. Seabrook's complaint fails to state a plausible claim for relief. Yet dismissal is proper only "if it is obvious that [she] cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend."[27] Accordingly, the court affords Ms. Seabrook an opportunity to amend her complaint. Consistent therewith, the

---

[23] ECF No. 1 at 3.

[24] *Smith,* 561 F.3d at 1099 ("*Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacity or federal agencies.") (internal citations omitted).

[25] *Allison v. Boulder County Bcso,* 2025 U.S. App. LEXIS 19270, at *4 (10th Cir. July 31, 2025) (citing *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. July 3, 2007)).

[26] *Allison,* at *7 ("But failure to satisfy Rule 8's requirements essentially results in a failure to state a claim upon which relief may be granted.").

[27] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

court orders Mr. Seabrook to submit an amended complaint no later than January 19, 2026. Once

received, the court will address whether Ms. Seabrook's amended complaint states a claim for

relief. If it fails to do so, it will be subject to dismissal with prejudice.

**CONCLUSION AND ORDER**

The court ORDERS as follows:

1. Ms. Seabrook is ordered to file an amended complaint by January 19, 2026. The words

   "Amended Complaint" should appear in the caption of the documents.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. §1915

   and DUCivR 3-2(b).

3. Ms. Seabrook's failure to file an amended complaint may result in dismissal of this

   action.

4. Ms. Seabrook's motion to proceed in forma pauperis is TEMPORARILY GRANTED.[28]

   **IT IS SO ORDERED**

   DATED this 30th day of December, 2025.

                                        BY THE COURT

                                        _____
                                        DUSTIN B. PEAD
                                        Magistrate Judge
                                        United States District Court

---

[28] ECF No. 2.